UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARK HANNA #132872 | CIVIL ACTION NO. 20-cv-0020 |
| VERSUS | CHIEF JUDGE HICKS |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Mark Hanna ("Plaintiff"), who is self-represented, filed a prior civil action against the Louisiana Office of Motor Vehicles ("OMV") and other defendants after they refused to reinstate his driver's license. This court dismissed the case, the Fifth Circuit affirmed, and the Supreme Court denied a writ of certiorari.

Plaintiff then filed this action under the Federal Tort Claims Act ("FTCA") against the United States based on the mistake of a docket clerk in the prior case when she indicated that some defendants had 60 rather than 21 days to respond to the complaint. Plaintiff asked to amend his complaint to add as defendants Judge Elizabeth Foote (the district judge in the prior case) and Judges Jennifer Elrod, Stephen Higginson, and Carolyn King (the Fifth Circuit judges who decided the appeal in the prior case). The undersigned denied the motion for leave to amend.

Before the court is the United States' Motion to Dismiss (Doc. 24) for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Also before the court is Plaintiff's Motion for Rule 60(b) Relief (Doc. 37) that renews Plaintiff's request

to amend his complaint and raises other issues. For the reasons that follow, it is recommended that Plaintiff's motion be denied and that the United States' motion be granted.

**Relevant Background**

The prior suit began when Plaintiff went to the Ruston OMV office to pay license reinstatement fees of $975. The staff refused to accept his payment or reinstate his license because Plaintiff had a pending civil action in state court that challenged the imposition of the reinstatement fees. He argued with the OMV staff that his pending lawsuit should not influence whether he was eligible for a license if he paid the fees. They disagreed.

Plaintiff then filed his 2015 civil action in this court against the OMV and James LeBlanc, the Secretary of the Department of Public Safety and Corrections. Plaintiff asked the federal court to enjoin the OMV from refusing to accept his payment and reinstate his license, declare the defendants had violated his federal constitutional rights, and award damages. Mark Hanna v. James LeBlanc, et al, 15-cv-2851 (W.D. La.)

Plaintiff asked for appointment of the U.S. Marshal to serve the defendants. The Marshal filed service returns that indicated the OMV, the Department of Public Safety and Corrections, and Secretary LeBlanc were served on August 3, 2016. When a deputy clerk dockets a service return, he or she often notes on the docket sheet the deadline for the defendant to respond to the complaint. Unless another time is specified by rule or statute, a defendant must serve an answer within 21 days after being served. Fed. R. Civ. Pro. 12(a)(1)(A)(i). The United States, a United States agency, or United States officer or

employee are allowed additional time; they must serve an answer within 60 days after service. Rule 12(a)(2) & (3).

A deputy clerk, docketed the service returns and made a docket entry that stated that each defendant was "served on 8/3/2016, answer due 10/3/2016." The entry suggested that the defendants had 60 days from service to file an answer. But they were not United States defendants, so they actually had only 21 days under the rule. That mistake is the basis of this lawsuit.

The defendants in that prior suit filed motions to dismiss on October 3, 2016, the deadline suggested by the docket entry. Plaintiff opposed the motions and filed a motion for leave to amend his complaint and add as new defendants various unidentified OMV employees that he referenced as Jane Doe, Janet Doe, Janis Doe, Jenny Doe, and Jason Doe. He described them as "plausibly liable defendants to be further identified in discovery" regarding the license dispute.

Magistrate Judge Hayes denied the request to add the various unidentified Doe defendants. She noted that the Doe defendants allegedly committed their wrongful acts on December 4 and 7, 2015, and the claims against them would be subject to a one-year limitation period. That one year had not lapsed when Plaintiff filed his motion for leave to amend in November 2016, but Judge Hayes reasoned in her decision issued December 12, 2016 that the year had by then passed, and yet another amendment would be required in the future, after the Doe defendants' identities were discovered, before they could actually be named as defendants. By then it would be far too late. The request to add the Doe defendants was, therefore, deemed futile. Hanna, 15-cv-2851, Doc. 44.

Judge Foote later entered a judgment that affirmed Magistrate Judge Hayes' ruling on the motion for leave to amend and adopted a recommendation that all claims be dismissed, either for failure to state a claim or based on Eleventh Amendment immunity. Doc. 116. Plaintiff appealed, and the Fifth Circuit affirmed. It held that the district court properly denied Plaintiff leave to amend his complaint to add unidentified Doe OMV and Department employees as defendants because Judge Hayes had correctly determined that such an amendment would be futile based on the limitations issue. The Court noted that an amendment to replace a John or Jane Doe with a real defendant would not relate back under Rule 15(c) because there was no mistake as contemplated by the rule. Doc. 133; Hanna v. LeBlanc, 716 Fed. Appx. 265, 269 (5th Cir. 2017), cert. denied, 139 S.Ct. 1266 (2019), reh'g denied, 139 S.Ct. 2688 (2019).

Plaintiff next pursued an FTCA claim that alleged the mistake in the docket entry had caused him to lose his ability to recover against the several Doe defendants. He reasoned that he could have timely asserted claims against those defendants and prevailed against them if only the docket clerk had stated in the docket entry that the original defendants had 21 rather than 60 days to answer. He first filed suit in the Middle District of Louisiana, and that court transferred venue to the Western District of Louisiana. Within a month of the case arriving in the Western District, Plaintiff filed a motion to dismiss without prejudice, saying, "I won't be able to manage the claim under the circumstances presented in those developments." This court granted the motion to dismiss. Hanna v. U.S., 19-cv-1054.

Less than a month after Plaintiff dismissed his Western District case, he commenced this civil action by filing the identical complaint in the Eastern District of Louisiana. He soon followed that with a motion to amend to add Judge Foote and three appellate court judges as defendants. The United States moved to dismiss or transfer the case, and the Eastern District transferred the case to this court.

**Rule 60(b) Motion**

Plaintiff earlier moved to amend and add as defendants Judge Elizabeth Foote and three Fifth Circuit Judges. The undersigned denied the request. Doc. 20. Plaintiff responded with what he styles as a motion for Rule 60(b) relief (Doc. 37) that asks for reconsideration of that denial. He asserts that his proposed amendment would allege valid constitutional claims against the judges because they abandoned their judicial responsibilities in the prior litigation. Plaintiff contends that he is entitled to declaratory and injunctive relief against the judges under Bivens. Plaintiff also objected to a magistrate judge deciding his motion for leave to amend, and he asked that this case be reassigned to a district judge selected by random allotment from among the judges in the Lafayette and Lake Charles divisions.

The undersigned explained in denying the motion for leave to amend that judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). See Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009).

Plaintiff here asks for declaratory and injunctive relief rather than damages, but the absolute immunity of *federal* judges for actions arising out of the performance of their duties extends to those forms of relief as well. Bolin v. Story, 225 F.3d 1234, 1239-42 (11th Cir. 2000); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1391-94 (9th Cir. 1987); Dugas v. United States, 2019 WL 5595043, *2 (S.D. Tex. 2019) ("federal judges are immune from suit for claims seeking equitable or injunctive relief."); and Soniat v. Dep't of Hous. & Urban Dev., 2016 WL 11200725, *2 (E.D. Tex. 2016) (absolute immunity "includes claims for equitable or injunctive relief when asserted against federal judges").

The amendment must also be denied because the law does not permit an unsatisfied litigant to relitigate final judgments by suing the judges who issued the decision and complaining that they acted incorrectly. This is demonstrated by Lyons v. Sheetz, 834 F.2d 493 (5th Cir. 1987), in which the parties who lost a federal lawsuit filed a new suit against the district judge and appellate court judges who decided the prior case. The Fifth Circuit held that the district court was correct, for a number of reasons, to dismiss the second suit. "First, the Lyonses attempted to relitigate the issues addressed in Lyons I. This they cannot do." Id. at 494-95. The Ninth Circuit, in holding that judicial immunity extends to claims for declaratory and injunctive relief, noted that allowing such relief would in effect allow a "horizontal appeal" from one district court to another or even a "reverse review" of an appellate court ruling by a district court. Such collateral attacks on the decisions of federal courts are improper. Mullis, 828 F.2d at 1392-93.

Plaintiff's proposed claims against the judges are not allowed by law, so leave to amend was denied. Nothing in Plaintiff's Rule 60(b) motion warrants a different result.

The review of this Report and Recommendation by an Article III judge will render moot any of Plaintiff's meritless procedural objections. Plaintiff's proposal to engage in additional judge shopping by demanding reassignment to a judge from another division has no basis in law, but it is consistent with Plaintiff's pattern of forum shopping and requesting disqualification of judges. The motion for Rule 60(b) and other relief should be denied.

**Motion to Dismiss**

### A. The Motion

The United States filed a motion to dismiss that invoked both Rules 12(b)(1) and 12(b)(6). The Rule 12(b)(1) arguments are that the court lacks subject matter jurisdiction because (1) Plaintiff did not timely and properly exhaust his administrative remedies before filing suit and (2) his claims fall within an exception to the FTCA for claims based upon misrepresentation or deceit. The motion invoked Rule 12(b)(6) to raise a timeliness defense. This Report and Recommendation will focus on whether Plaintiff properly presented an administrative claim before he filed suit. Plaintiff claims that he submitted a claim in 2018 and again in 2019. Each is addressed separately.

### B. Plaintiff's Burden

The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government. 28 U.S.C. § 2674. "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." Tsolmon v. United States, 841 F.3d 378, 382 (5th Cir. 2016). "Waiver of sovereign

immunity is strictly construed, meaning uncertainty is decided in favor of the government." Id.

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." Id. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before it addresses any attack on the merits. Id.

In deciding a 12(b)(1) motion, the court may consider evidence outside of the pleadings and the attachments thereto. Ambraco, Inc. v. Bossclip B.V., 570 F.3d 233, 238 (5th Cir. 2009). More specifically, "under Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008) (internal quotation marks omitted) (citation omitted).

### C. The 2018 Letter

A claim under the FTCA "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months … of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The statute requires the claimant to file an

administrative claim within two years of accrual, and later file suit within six months of its denial.  Ramming, 281 F.3d at 162.

The FTCA's statute of limitations was once held to be jurisdictional, but the Supreme Court has clarified that it is a non-jurisdictional limitations period.  United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1638 (2015), abrogating In re FEMA Trailer Formaldehyde Products Liability Litigation, 646 F.3d 185, 189 (5th Cir. 2011).  Here, the issue is not whether Plaintiff filed a timely administrative claim but whether he presented one at all.  That remains a jurisdictional issue. The Fifth Circuit has said that "Wong's holding regarding the FTCA's time limits has no bearing on our analysis of the jurisdictional limitation provided by 28 U.S.C. § 2675(a)'s presentment requirement."  Barber v. U.S., 642 Fed. Appx. 411, n.3 (5th Cir. 2016).

The docket entry at issue was made on August 9, 2016.  Plaintiff alleged in an amended complaint (Doc. 33) that he was not aware of the entry until two months later, on October 10, 2016, when he received at his prison address a copy of the docket sheet from which he "first discovered" the docket entry.  Plaintiff alleges in paragraph 26 of his complaint that he served a "Notice of Claim Asserted in Federal Tort Claim Act" on United States Attorney General Jeff Sessions on October 9, 2018, which was one day before the two-year anniversary of his receipt of the docket sheet that alerted him to the docket entry.

The United States' motion argued that Plaintiff did not allege or provide documentation showing that he presented his administrative claim to the appropriate federal agency or even filed a claim in the first place.  Footnote 3 of the supporting memorandum stated that the Government was in the process of ascertaining whether or not

Plaintiff had presented an administrative claim to the appropriate agency, which is the Administrative Office of the U.S. Courts ("AO"). Plaintiff represented in some of his filings, as described above, that he submitted an administrative claim to the Attorney General, but he expressed reluctance to send a copy of the claim to the court because he did not trust prison officials with his original that he would have to tender for copying. The court issued an order (Doc. 39) that allowed the parties a reasonable time to submit written evidence on the issue of whether Plaintiff presented a proper and timely administrative claim and exhausted his FTCA administrative remedies before filing this suit. Both responded. Docs. 46 & 47.

Regulations provide that a claim "shall be presented to the Federal agency whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). If a claim is presented to another agency, "that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer." Id.

The United States submitted a declaration from the Assistant General Counsel of the AO. She states that the AO maintains both paper records and a computerized database of tort claims filed under the FTCA. She caused the records to be examined to determine whether there had been any submission by Mark Hanna purporting to state a claim to be administratively adjusted under the FTCA. After reviewing both the database and paper records, she was unable to find the existence of any submission by Plaintiff prior to April 15, 2020.

The United States also submitted a declaration from a Supervisory Technical Support Specialist with the United States Department of Justice ("DOJ"). Doc. 46. He

notes that Plaintiff alleged in his complaint that he served Attorney General Jeff Sessions with a notice of claim on October 9, 2018. The specialist caused the records of the DOJ to be searched, and there was no record of a notice of claim being presented by Plaintiff in October 2018.

The DOJ specialist found that the DOJ did receive an administrative tort claim from Plaintiff in 2019. It was dated August 3, 2019 and received August 12, 2019. He attached a copy. The 2019 administrative complaint discusses the docket entry and related matters alleged in this case. Plaintiff's cover letter that accompanied the claim stated that there was "a previous notice of claim submitted to your office in the matter October 9, 2018." The DOJ transferred the claim to the AO by letter dated April 13, 2020, and Plaintiff was notified of the transfer. The AO representative states in her declaration that her office is currently reviewing and investigating the 2019 submission to determine the appropriate disposition of the claim.

Plaintiff submitted a "sworn statement" under penalty of perjury. Doc. 47. He said that the copy of the administrative claim he filed with the court is a true copy of the one he served on the Attorney General in 2018 as alleged in his complaint. Plaintiff added that he cannot file the certified mail return receipt because the person who has it "is out of the country in quarantine for the COVID-19 virus."

Plaintiff served the United States with a request for admissions that asked the government to admit that an attached copy was an FTCA claim that was delivered to the DOJ by certified mail in 2018. The United States' response (Doc. 49) allowed that "an item was delivered to the DOJ on October 9, 2018" but [b]ecause there is no evidence the

DOJ received this item, Defendant is unable to determine what the item was or by whom the item was sent." The United States said it was "unable to determine if this document is a duplicate of the unknown item mailed in 2018" and the "only record of Plaintiff's administrative claim was received on August 12, 2019."

An FTCA suit shall not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the claim is denied. 28 U.S.C. § 2675(a). "[A] claim shall be deemed to have been presented when a Federal agency *receives* from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . ." 28 C.F.R. § 14.2(a). "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp., 764 F.3d 445, 448 (5th Cir. 2014).

Plaintiff alleged in his complaint that he submitted a claim in 2018. However, "no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." Montez v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004). Plaintiff has tendered evidence that he mailed something to the DOJ in 2018, but he never received any acknowledgment that it was received or that any administrative action was taken in connection with a 2018 submission. On the other hand, the United States has submitted competent evidence from two agencies that is specific and persuasive that neither the DOJ nor AO actually received a 2018 claim. Their searches did not locate such a claim, and

Plaintiff never received any acknowledgment of receipt, transfer, or administrative proceedings.

The Fifth Circuit has said that evidence of mailing does not show presentment under the FTCA. Rather, a claim is not presented until received, and the plaintiff must proffer evidence of receipt rather than mere mailing. Barber, 642 Fed. Appx. At 414. The plaintiff in Barber alleged in his complaint that he complied with the requirements of the FTCA, and he submitted an affidavit from his lawyer's receptionist in which she testified that she sent his SF 95 claim form to the VA by first-class mail. The United States submitted declarations detailing the VA's procedure for tracking incoming mail and attesting that its employees were unable to find any indication that the VA received Barber's claim. Barber's evidence of mailing was deemed insufficient to prove actual receipt. Even assuming that a presumption of receipt applied, the Fifth Circuit agreed with the district court that the United States rebutted the presumption through its declarations.

Barber followed Bailes v. U.S., 1993 WL 82030 (5th Cir. 1993) (unpublished)[1], which presented a similar scenario. The plaintiff had evidence of mailing but not receipt, and three BOP employees testified that they found no administrative claim. The Court held that the plaintiff did not meet his burden, and the case was dismissed.

The record in this case also supports a finding that Plaintiff has not met his burden of establishing jurisdiction based on delivery of an administrative claim to the appropriate agency in 2018. Absent evidence of such a filing and exhaustion, this court lacks subject

---

[1] 5th Cir. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent.").

matter jurisdiction. Plaintiff argues that he should be allowed to proceed and conduct discovery on the issue, but the undersigned agrees with Barber that it is not likely under the circumstances that he would uncover proof that the AO (or DOJ) received a claim from Plaintiff in 2018. Barber, 642 Fed. Appx at 415.

**D. The 2019 Letter**

Plaintiff recently adopted a new approach that does not rely on any 2018 administrative filing. He reasons that his FTCA claim did not accrue until the Supreme Court denied his writ application in June 2019, which gave him two years from then to present an administrative claim. See Doc. 47. He concludes that his filing of the August 2019 administrative claim, which the DOJ and AO acknowledge receiving, is therefore timely. The court takes no position on Plaintiff's accrual theory. Even if he is correct that the 2019 administrative claim was timely filed, that does not save this lawsuit

Administrative exhaustion requires the claimant to present the claim to the agency and have the claim "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Alternatively, if an agency fails to finally dispose of the claim within six months after filing, the claimant has the option to deem the claim administratively denied. Id.

Plaintiff delivered an administrative claim to the DOJ on August 12, 2019 (and it was transferred to the AO on April 13, 2020). The AO says that the claim is still under review. Plaintiff did not wait for a final written denial or for six months to pass. Instead, he filed this lawsuit in the Eastern District of Louisiana less than a month after he presented the claim. The Clerk of Court received the complaint on September 3, 2019. This civil

action was, therefore, filed before final denial or the expiration of the six-month waiting period.

"An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995), citing McNeil v. United States, 113 S.Ct. 1980 (1993). "This requirement is jurisdictional, and may not be waived." Price, 69 F.3d at 54. McNeil held that the exhaustion requirement is not satisfied by receipt of an agency denial of claim after suit is filed, so that option is also unavailable to save this lawsuit from prematurity.

This civil action is premature under Plaintiff's most recent accrual theory. And it did not become timely by the passage of six months after the complaint was filed. Plaintiff has not met his burden of establishing a factual and legal basis for the exercise of subject matter jurisdiction based on the 2019 administrative claim.

Plaintiff complains that the court has converted the motion to dismiss and should review pleadings alone, but the court is entitled to explore the facts to determine whether it has subject-matter jurisdiction. Plaintiff was afforded a number of extensions of time to brief the motion, and he received a full and fair opportunity to submit evidence on the issues. The objections period that follows this recommendation also satisfies any due process concerns. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

Accordingly,

It is recommended that Plaintiff's Motion for Rule 60(b) Relief (Doc. 37) be denied and that the United States' Motion to Dismiss (Doc. 24) be granted by dismissing this civil action without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of May, 2020.

Mark L. Hornsby
U.S. Magistrate Judge